**UNITED STATES  DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**ERIC BROWN**                                                          **CIVIL ACTION**

**versus**                                                                    **NO. 07-1857**

**WARDEN JEFFREY TRAVIS**                            **SECTION: "I" (6)**

## REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of

conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed

findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C)

and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States

District Courts.  Upon review of the record, the Court has determined that this matter can be

disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).[1]  Therefore, for all of the

following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH**

**PREJUDICE**.

---

[1] Pursuant to 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is now a statutorily
mandated determination.  According to Section 2254(e)(2), the district court generally may hold an
evidentiary hearing only when the petitioner has shown that either the claim relies on a new,
retroactive rule of constitutional law that was previously unavailable (28 U.S.C. § 2254(e)(2)(A)(i))
or the claim relies on a factual basis that could not have been previously discovered through the
exercise of due diligence (28 U.S.C. § 2254(e)(2)(A)(ii)); and the facts underlying the claim show
by clear and convincing evidence that, but for the constitutional error, no reasonable jury would
have convicted the petitioner (28 U.S.C. § 2254(e)(2)(B)).

Petitioner, Eric Brown, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana.  On September 13, 2004, he pleaded guilty to possession of cocaine.  On that same date, he also pleaded guilty to being a second offender and was sentenced as such to a term of fifteen years imprisonment.[2]

On November 15, 2005, petitioner, through counsel, filed with the state district court an application for post-conviction relief.[3]  That application was denied on December 6, 2005.[4] Petitioner's related writ applications were likewise denied by the Louisiana First Circuit Court of Appeal on April 18, 2006,[5] and by the Louisiana Supreme Court on February 16, 2007.[6]

On March 11, 2007, petitioner filed the instant federal application for *habeas corpus* relief.  In support of his application, petitioner claims that his guilty plea to the multiple bill of information was invalid and that he received ineffective assistance of counsel.

───────────────

  [2]  State Rec., Vol. II of III, transcript of September 13, 2004; State Rec., Vol. I of III, minute entry dated September 13, 2004.

  [3] State Rec., Vol. II of III.

  [4] State Rec., Vol. II of III, Judgment with Reasons dated December 6, 2005.

  [5]  State v. Brown, No. 2006 KW 0059 (La. App. 1st Cir. Apr. 18, 2006) (unpublished); State Rec., Vol. II of III.

  [6] State *ex rel.* State v. Brown, 949 So.2d 406 (La. 2007) (No. 2006-KH-1454); State Rec., Vol. II of II.  While that application was pending before the Louisiana Supreme Court, petitioner, through counsel, filed with the state district court a second application for post-conviction relief on October 17, 2006.  State Rec., Vol. II of III. That application was denied on December 12, 2006.  State Rec., Vol. II of III, Order dated December 12, 2006.

Timeliness

The state argues that petitioner's federal application is untimely.[7]  For the following

reasons, this Court agrees.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally

requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his

underlying criminal judgment becomes "final."  Under the AEDPA, a judgment is considered "final"

upon the expiration of time for seeking direct review.  28 U.S.C. § 2244(d)(1)(A).[8]

On September 13, 2004, petitioner pleaded guilty to both the bill of information and

the multiple bill of information and was sentenced.  Because he did not file a direct appeal within

the thirty days allowed by state law,[9] his conviction, multiple offender adjudication, and sentence

became final on October 13, 2004, and his federal limitations period commenced on that date.[10]

---

[7] Rec. Doc. 9.

[8] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger
the commencement of the statute of limitations, those alternative provisions are not applicable in
the instant case.

[9] La.C.Cr.P. art. 914(B)(1) ("The motion for an appeal must be made no later than ... Thirty
days after the rendition of the judgment or ruling from which the appeal is taken.").

[10] See State v. Counterman, 475 So.2d 336, 338 (La. 1985) (conviction and sentence are final
upon the failure of the defendant to make a timely motion for appeal).  The state contends that the
AEDPA limitations period commenced immediately because petitioner had no right to appeal after
his unconditional guilty plea.  Rec. Doc. 9, p. 2.  The Court disagrees.  Under Louisiana law, a
criminal defendant who pleads guilty "may appeal his conviction and sentence flowing from a plea
of guilty."  State v. Coats, 260 La. 64, 66, 255 So.2d 75, 76 (1971).  Although it is true that a guilty
plea waives all non-jurisdictional defects prior to the plea, a criminal defendant who pleads guilty
may pursue an appeal based on "jurisdictional defects which appear on the face of the pleadings and

Petitioner then had only one year from that date to file his federal application for *habeas corpus* relief unless that deadline was extended through tolling.

The Court first considers statutory tolling.  The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court.  28 U.S.C. § 2244(d)(2).  However, petitioner had no applications attacking this conviction or sentence pending before any state court at any time during the one-year AEDPA limitations period.

The only motion petitioner had pending before any state court during that period was a "Motion for the Awarding of Jail Credits or Contradictory Hearing" which was filed with the state district court on June 15, 2005.[11]  In the original criminal proceeding, care was taken to ensure that he would receive credit for time served and that his sentence would run concurrently with his other criminal sentences.[12]  When the Louisiana Department of Public Safety and Corrections failed to give him the credit to which he was entitled for time served on other offenses, petitioner filed a motion asking the court to direct the Department to correct ministerial error in his prison record to

---

proceedings."  Id.; see also State v. Crosby, 338 So.2d 584, 588 (La. 1976) ("[E]ven an unqualified plea of guilty does not preclude review of what are regarded as 'jurisdictional' defects – those which, even conceding the accused's factual guilt, do not permit his conviction of the offense charged."); State v. Sellers, 902 So.2d 418, 421 (La. App. 4th Cir. 2005); State v. Hayes, 836 So.2d 139, 144 (La. App. 1st Cir. 2002).  Therefore, petitioner still had a right to appeal, albeit a limited one.  Accordingly, under § 2244(d)(1)(A), his conviction was not final for AEDPA purposes until the expiration of his thirty-day period for seeking such review.

[11]  State Rec., Vol. II of III.

[12]  State Rec., Vol. II of III, transcript of September 13, 2004, pp.  21-23.

properly reflect that credit.  That motion was granted on July 15, 2005.[13]  Because that motion in no

way questioned the validity of or sought review of petitioner's underlying conviction, multiple

offender adjudication, or sentence, the motion simply cannot fairly be considered an application for

state post-conviction relief or other collateral review for tolling purposes.  See Hutson v.

Quarterman, 508 F.3d 236, 238 (5th Cir. 2007) (statutory tolling under § 2244(d)(2) is warranted

only for state applications that seek "review" of the "pertinent judgment or claim"); Moore v. Cain,

298 F.3d 361, 366-67 (5th Cir. 2002) (same).[14]

        The Court notes that the United States Fifth Circuit Court of Appeals has held that

the AEDPA's statute of limitations can, in rare and exceptional circumstances, also be equitably

tolled.  See Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998).  However, "[e]quitable tolling

applies principally where the plaintiff is actively misled by the defendant about the cause of action

or is prevented in some extraordinary way from asserting his rights." Coleman v. Johnson, 184 F.3d

398, 402 (5th Cir. 1999) (internal quotes and citations omitted).  Petitioner bears the burden of proof

to establish entitlement to equitable tolling.  Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir.

2002).  Petitioner has brought forth no evidence demonstrating that he is entitled to such tolling.

---

[13]  State Rec., Vol. II of III, Judgment with Reasons dated July 15, 2005.

[14]  The Court also notes that petitioner subsequently filed state post-conviction applications on November 15, 2005, and October 17, 2006.  However, because those applications were filed *after* the expiration of the statute of limitations, they can have no bearing on the timeliness of petitioner's federal application.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000).

Because petitioner is entitled to neither statutory nor equitable tolling, his federal application for *habeas corpus* relief challenging this conviction had to be filed within one year of the date on which his underlying criminal judgment became final.  Because petitioner's federal application was not filed until more than two years later, i.e. on March 11, 2007,[15] it is therefore untimely.

Nevertheless, out of an abundance of caution, the undersigned notes that even if petitioner's federal application were found to be timely filed, it is still subject to dismissal on the merits for the following reasons.

### Standard of Review

The AEDPA comprehensively overhauled federal *habeas corpus* legislation, including 28 U.S.C. § 2254.  Amended subsections 2254(d)(1) and (2) contain revised standards of review for questions of fact, questions of law, and mixed questions of law and fact.  Provided that the state court adjudicated the claim on the merits, pure questions of law and mixed questions of law and fact are reviewed under § 2254(d)(1) and questions of fact are reviewed under § 2254(d)(2). Hill v. Johnson, 210 F.3d 481, 485 (5th Cir. 2000).

As to questions of law and mixed questions of law and fact, a federal court must defer to the state court's decision unless it "was contrary to, or involved an unreasonable application of,

---

[15] Petitioner signed his application on March 11, 2007.  Rec. Doc. 1.  That date represents the earliest date that petitioner could have presented his application to prison officials for mailing and, therefore, the earliest date that this Court could deem his *habeas* petition to have been filed for statute of limitations purposes.  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).

clearly established Federal law, as determined by the Supreme Court of the United States."  28

U.S.C. § 2254(d)(1).   The United States Supreme Court has noted:

> § 2254(d)(1)'s "contrary to" and "unreasonable application" clauses
> have independent meaning.  A federal habeas court may issue the
> writ under the "contrary to" clause if the state court applies a rule
> different from the governing law set forth in our cases, or if it decides
> a case differently than we have done on a set of materially
> indistinguishable facts.   The court may grant relief under the
> "unreasonable application" clause if the state court correctly
> identifies the governing legal principle from our decisions but
> unreasonably applies it to the facts of the particular case.  The focus
> of the latter inquiry is on whether the state court's application of
> clearly established federal law is objectively unreasonable, and we
> stressed in Williams[ v. Taylor, 529 U.S. 362 (2000)] that an
> unreasonable application is different from an incorrect one.

Bell v. Cone, 535 U.S. 685, 694 (2002) (citations omitted).

As to questions of fact, factual findings are presumed to be correct and a federal court

will give deference to the state court's decision unless it "was based on an unreasonable

determination of the facts in light of the evidence presented in the State court proceeding."  28

U.S.C. § 2254(d)(2); see also Hill, 210 F.3d at 485; 28 U.S.C. § 2254(e)(1).

Guilty Plea

Petitioner's first claim is that his guilty plea to the multiple bill of information was

invalid because, during the plea colloquy, the trial judge never stated which of petitioner's prior

convictions was being used to enhance his current sentence.

The transcript of the plea colloquy reflects the following exchange:

THE COURT:
     Mr. Brown, the State of Louisiana has filed a Multiple Bill of
Information against you.  This Bill of Information claims that you are

–  7  –

a second felony offender.  First of all, Mr. Dickson, have you reviewed this document?

MR. DICKSON [defense counsel]:
    I have, your Honor.  I've actually reviewed it with Mr. Brown.

THE COURT:
    Would you like the clerk to read the Bill of Information?

MR. DICKSON:
    We'll waive the reading, your Honor.

THE COURT:
    Now, Mr. Brown, I have to advise you that you have a right to a hearing on this as to whether or not you are a second felony offender and the District Attorney's Office would have to present evidence to prove to the court's satisfaction that you are a second felony offender.  So at this time you can either admit the allegations in the Multiple Offender Bill of Information, you can deny the allegations or you can stand silent.
    If you deny the allegations or if you stand silent, then the court will have a hearing on this issue.

MR. DICKSON:
    Your Honor, after consultation with Mr. Brown, we would admit to the allegations in the Multiple Bill.

THE COURT:
    Is that correct, Mr. Brown?

MR. BROWN:
    Yes, ma'am.[16]

During the state post-conviction proceedings, the state district judge rejected

petitioner's instant claim, holding:

---

[16]  State Rec., Vol. II of III, transcript of September 13, 2004, pp. 20-21.

> The Court notes that Mr. Brown was previously convicted in docket numbers 317780, 252755 and 264104 of the 22nd JDC.  The sentence which would be imposed by the Court, should the defendant plead guilty to bill number 345184, as well as plead guilty to the habitual offender bill, were discussed with defense counsel at pre-trial.  The Court clearly explained on the record the sentence which would be imposed prior to allowing the defendant to enter his guilty plea.  The defendant indicated that his counsel had advised him of his rights both in entering a guilty plea to bill number 345184 as well as to the habitual offender bill.  The Court finds that the defendant clearly understood the prior offense which was alleged in the habitual offender bill, and clearly understood that he was pleading guilty to the allegations of that bill.[17]

Petitioner's claim was then also denied, without separate reasons assigned, by the Louisiana First Circuit Court of Appeal[18] and the Louisiana Supreme Court.[19]

As a preliminary matter, the Court notes that it rejects petitioner's bald allegation that he was unaware of the specific predicate conviction cited in the multiple bill of information.  As noted, in petitioner's presence, defense counsel stated on the record that he had "actually reviewed [the multiple bill of information] with Mr. Brown."[20]  Petitioner did not contradict his counsel on that point during the hearing, and he has never thereafter presented any evidence whatsoever to show that his counsel lied to the court.

---

[17]  State Rec., Vol. II of III, Judgment with Reasons dated December 6, 2005.

[18]  State v. Brown, No. 2006 KW 0059 (La. App. 1st Cir. Apr. 18, 2006) (unpublished); State Rec., Vol. II of III.

[19]  State _ex rel._ State v. Brown, 949 So.2d 406 (La. 2007) (No. 2006-KH-1454); State Rec., Vol. II of II.

[20]  State Rec., Vol. II of III, transcript of September 13, 2004, p. 20.

Further, in any event, petitioner simply has not demonstrated that he would be entitled to federal *habeas corpus* relief on this claim as a matter of law.  In this case, petitioner was informed on the record of the charge against him, i.e. that he was a second felony offender. Although he was not informed on the record of which of his several predicate convictions was cited in the multiple bill of information in support of that charge, defense counsel expressly waived a reading of the multiple bill of information after informing the court that he had reviewed the multiple bill of information with his client.  Petitioner has cited no United States Supreme Court decision, and this Court has found none, which holds that federal law prohibits such a waiver in state habitual offender proceedings.   Therefore, petitioner has not established that the state court's decision was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States.  Accordingly, pursuant to 28 U.S.C. § 2254(d)(1), this Court must defer to the state court's decision rejecting his claim.[21]

## Ineffective Assistance of Counsel

Petitioner next claims that he received ineffective assistance of counsel when rendering his guilty plea.  In <u>Strickland v. Washington</u>, 466 U.S. 668 (1984), the United States Supreme Court established a two-prong test for evaluating claims of ineffective assistance of counsel.  A petitioner seeking relief must demonstrate that counsel's performance was deficient *and* that the deficient performance prejudiced his defense.  <u>See</u> <u>id</u>. at 697.  If a court finds that petitioner

---

[21]   To the extent that petitioner is arguing that the trial court failed to comply with the technical requirements of state law, the Court need not, and does not, reach that issue.  Mere violations of state law would not warrant federal *habeas corpus* relief; rather, such relief may be granted only to remedy violations of the Constitution and laws of the United States.  28 U.S.C. § 2254; <u>Engle v. Isaac</u>, 456 U.S. 107, 119 (1983).

has made an insufficient showing as to either of the two prongs of inquiry, i.e. deficient performance

or actual prejudice, it may dispose of the claim without addressing the other prong.  Strickland, 466

U.S. at 697.

To prevail on the deficiency prong, petitioner must demonstrate that counsel's

conduct fails to meet the constitutional minimum guaranteed by the Sixth Amendment.  See Styron

v. Johnson, 262 F.3d 438, 450 (5th Cir. 2001).  "Counsel's performance is deficient if it falls below

an objective standard of reasonableness."  Little v. Johnson, 162 F.3d 855, 860 (5th Cir. 1998).

Analysis of counsel's performance must take into account the reasonableness of counsel's actions

in light of all the circumstances.  See Strickland, 466 U.S. at 689.  "[I]t is necessary to 'judge ...

counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's

conduct.'"  Lockhart v. Fretwell, 506 U.S. 364, 371 (1993) (quoting Strickland, 466 U.S. at 690).

Petitioner must overcome a strong presumption that the conduct of his counsel falls within a wide

range of reasonable representation.  See Crockett v. McCotter, 796 F.2d 787, 791 (5th Cir. 1986);

Mattheson v. King, 751 F.2d 1432, 1441 (5th Cir. 1985).

As to the prejudice requirement in the context of a guilty plea, the United States Fifth

Circuit Court of Appeals has held:

> With regard to the prejudice prong, a defendant must
> "affirmatively prove" prejudice.  A mere allegation is not sufficient
> to satisfy the prejudice prong of the Strickland test.  A petitioner must
> establish that but for his counsel's alleged erroneous advice, he
> would not have pleaded guilty but would have insisted upon going to
> trial.

Armstead v. Scott, 37 F.3d 202, 206 (5th Cir. 1994).

In the instant case, it is claimed that defense counsel was ineffective in failing to inform petitioner of the fact that he would be charged as a multiple offender and of the sentencing range he faced.  Petitioner also claims that counsel was ineffective in failing to investigate the validity of the predicate conviction used to enhance his current sentence.  For the following reasons, the Court rejects each of those claims.

The transcript conclusively disproves petitioner's contention that he was unaware that he would be charged and sentenced as a multiple offender.  Prior to the acceptance of petitioner's plea to the underlying offense, the following exchange occurred:

> THE COURT:
> Your lawyer asked me what sentence I would impose upon you if you admitted committing this offense and I told him that I would sentence you as follows:  Fifteen years hard labor State of Louisiana Department of Corrections.
> Now, in addition, the District Attorney's Office has informed the court that they intend to file a multiple offender Bill of Information charging you as a second felony offender; is that correct?
>
> MR. GARDNER [the prosecutor]:
> Yes, ma'am.
>
> THE COURT:
> And the this [sic] sentence would be under the Multiple Offender Act.  Is that what your lawyer told you that I would do?
>
> MR. BROWN:
> Correct.
>
> THE COURT:
> And do you understand that if you continue to offer your guilty plea and the Court accepts your guilty plea, that is exactly what the sentence will be?
>
> MR. BROWN:
> Yes, ma'am.

THE COURT:
    Do you have any questions you want to ask me about anything we've gone over there today?

MR. BROWN:
    Yes, ma'am.  Fifteen years is just fifteen?  It's a double bill, no triple bill?

THE COURT:
    It's a double bill, it's on a double bill.  In other words it would be fifteen years as a second felony offender.

MR. BROWN:
    So I have to do no more than fifteen years?

THE COURT:
    Correct.  Fifteen years would be the maximum.  Even though they're filing a Multiple Offender Bill, they have agreed that your maximum sentence would be fifteen years.[22]

Accordingly, any suggestion that petitioner was unaware that he would be charged as a multiple offender is patently false, and his ineffective assistance claim necessarily fails.

        The Court likewise rejects the contention that defense counsel was ineffective in failing to inform petitioner of the sentencing range he faced as a second offender, i.e. a minimum of fifteen years and a maximum of sixty years.  See La.Rev.Stat.Ann. § 529.1(A)(1)(a).  Even if the Court were to assume that counsel did not advise petitioner of the applicable sentencing range and further were to assume that counsel therefore performed deficiently in that respect, petitioner has not shown that he was prejudiced as a result.  As noted, to show prejudice, petitioner must establish

---

   [22] State Rec., Vol. II of III, transcript of September 13, 2004, pp. 14-16.  The Court further informed petitioner that five years of his sentence must be served without benefit of parole.  State Rec., Vol. II of III, transcript of September 13, 2004, p. 17.

that, if he had been made aware of the sentencing range, he would not have pleaded guilty but would instead have insisted upon going to trial.   In this case, in exchange for his plea, petitioner was *guaranteed* by the court that he would receive a fifteen-year sentence, the *minimum* allowed by law. Therefore, it is utterly absurd for him now to suggest that he would have rejected the plea bargain if only he had known that the sentencing range under the statute was fifteen to sixty years.  To the contrary, that information only highlights the generosity of the state's offer and, if anything, would make petitioner more, not less, likely to accept the plea bargain.

Lastly, the Court also rejects petitioner's contention that counsel was ineffective in failing to investigate the validity of the predicate conviction used to enhance his current sentence. A petitioner asserting a claim for inadequate investigation bears the burden to provide factual support for his allegations as to what further investigation would have revealed.  See Moawad v. Johnson, 143 F.3d 942, 948 (5th Cir. 1998).  In the instant case, petitioner has provided no evidence whatsoever that his predicate conviction was in fact invalid for enhancement purposes.  Accordingly, even if the Court were to assume that counsel's investigation was inadequate, petitioner has not shown that any prejudice resulted.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petition for federal *habeas corpus* relief filed by Eric Brown be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on

appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __14th__ day of March, 2008.

_____
**LOUIS MOORE, JR.**
**UNITED STATES MAGISTRATE JUDGE**

– 15 –